BRONNENBURG v. STATE OF INDIANA.

[No. 24,803.    Filed February 16, 1926.]

CRIMINAL LAW.—*Inference to be drawn from conflicting evidence held to be for jury even though contrary inference might be drawn from the evidence.*—Where the evidence was conflicting and the jury has drawn an inference of guilt, an appellate tribunal cannot set aside the verdict even though a contrary inference could be drawn with as good or a better reason.

From Madison Circuit Court; *William A. Kittinger*, Judge.

Otho Bronnenburg was convicted of unlawfully transporting liquor in an automobile, and he appeals. *Affirmed.*

*Lewis E. Kimberlin, John Robbins* and *Owen S. Boling,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George M. Barnard,* for the State.

EWBANK, C. J.—The indictment charged that on October 27, 1923, at a place named, the defendant (appellant) unlawfully and feloniously transported certain intoxicating liquor, to wit, one gallon of white mule whisky, in a Buick automobile on and along a highway. He was tried by a jury, which returned a verdict finding him guilty as charged. Overruling the motion for a new trial is assigned as error, under which appellant specifies that the verdict is not sustained by sufficient evidence, and because of such lack of evidence is contrary to law.

A witness testified that on the morning of the day when the offense was alleged to have been committed, he saw the defendant, Otho Bronnenberg, on the Range Line road, going north; that defendant passed the witness in a Buick automobile, with a California top on it; that Mr. Bronnenberg, the only occupant that the witness saw in the car, was driving it; that when witness first saw Bronnenberg, he was driving north; that witness was familiar with the Buick automobile that Bronnenberg drives, and don't think he could have been mistaken about that one being his automobile; when a fellow sees a man's machine several times, he pretty near recognizes it when he sees it afterward; that Mr. Bronnenberg stopped his automobile at a little culvert and witness saw him open the door of the car and take something out; then he went down to the edge of the culvert, but witness could not see what he did there;

that witness was back about 500 feet in the cornfield, and a little hill or "raise in the field" was between them, but witness could see over it to see a man from his shoulders to the top of the machine; his best judgment is that it was Otho Bronnenberg; defendant only stopped there about two minutes or maybe three, a very short time, and then drove on, and, as soon as he started away, witness went over to the culvert, and in it he found two one-gallon jugs, covered with leaves; there were corks in the tops of the jugs, but witness "did not bother them," merely pulled the leaves out to see that there were two jugs, but did not uncover them nor examine to see what was in them; but he went immediately to a house a quarter of a mile away, and telephoned the sheriff, who came out within fifteen minutes, and saw the two jugs hidden in the culvert, and then hid his car in the woods and concealed himself in a shock of corn fodder, and watched the culvert an hour or so, when he became so cold that he went for an overcoat, and then saw defendant in the city, after which he returned and again watched from the shock of corn until one o'clock that afternoon; that the shock was thirty to fifty feet from the end of the culvert; that at one o'clock that day, Mr. Bronnenberg drove up in his Buick with a closed top, stopped right at the culvert, and with the engine running, raised the hood of the engine, then looked all around to see that nobody was looking, and reached down into the culvert and picked up a jug of whisky from there and put it in his car; and as he put it in the car, the sheriff came from the corn shock and told him he was under arrest, when he "swung around and threw the jug on the cement culvert and smashed it"; that the sheriff then picked up the other jug, which contained white mule whisky, and was introduced in evidence at the trial,

without objection; that defendant then said: "Well, we'll all get caught if we keep at it long enough"; that defendant's car was not moved from the time he put the jug of whisky in the car until he was placed under arrest and the jug was broken; that all this occurred at the county and state as charged in the indictment. There was also evidence to the contrary as to many of the facts so testified.

If the jurors, as reasonable men, believing that part of the evidence to be true which we have set out above, might reasonably and honestly draw an inference from such facts that defendant transported the whisky in his automobile to where it was hidden in the culvert, and returned later in the day to get some of it, this court cannot disturb the verdict for lack of evidence to sustain it, even though an inference to the contrary could be drawn with as good or better reason. Where the evidence is in conflict, or where different inferences might be drawn by different persons, the weight of the evidence and which inference ought to be drawn therefrom are questions exclusively for the jury and the trial judge, and their decision is not subject to be set aside on appeal. We think this case is within the rule so stated.

The judgment is affirmed.